**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:12CV-00025-JHM**

**RICHARD V. WIGGINS**                                              **PLAINTIFF**

**VS.**

**MICHAEL J. ASTRUE,**                                          **DEFENDANT**
**Commissioner of Social Security**

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATIONS**

BACKGROUND

Before the Court is the complaint (DN 1) of Richard V. Wiggins ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).  Both the Plaintiff (DN 11) and the Defendant (DN 12) have filed a Fact and Law Summary.

The District Judge originally referred this case to United States Magistrate Judge E. Robert Goebel (DN 6) to review the Fact and Law Summaries and submit Findings of Fact, Conclusions of Law and Recommendations.  28 U.S.C. § 636(b)(1)(B).  Pursuant to General Order 12-04, this case has since been reassigned to the undersigned United States Magistrate Judge.  By Order entered April 13, 2012 (DN 6), the parties were notified that oral arguments would not be held unless a written request therefore was filed and granted.  No such request was filed.

FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on May 1, 2009 (Tr. 17, 117-118). Plaintiff alleged that he became disabled on May 1, 2009 as a result of Hepatitis C (Tr. 117-118, 143). The claim was denied initially on June 30, 2009 and was upon reconsideration on October 7, 2009 (Tr. 17). Plaintiff filed a written request for a hearing on October 30, 2009 and, as a result, Administrative Law Judge Roger L. Reynolds ("ALJ") conducted a video hearing on June 28, 2010 (Tr. 17, 31). Plaintiff appeared in Campbellsville, Kentucky, and the ALJ presided over the hearing from Lexington, Kentucky (Tr. 17, 31). The Plaintiff was present and represented by attorney M. Gail Wilson (Tr. 17, 31). Ralph M. Crystal, Ph.D., an impartial vocational expert, was also present at the hearing; however, he did not testify at the hearing (Tr. 17, 31).

In a decision dated July 15, 2010, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17-19). At the first step, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 1, 2009, the alleged onset date (Tr. 19). At the second step, the ALJ determined that Plaintiff's Hepatitis C, obesity, and non-insulin dependent diabetes mellitus are "severe" impairments within the meaning of the regulations (Tr. 19). Notably, at the second step, the ALJ also determined that Plaintiff's depression imposes no more than a slight or minimal limitation in his ability to perform basic work-related activities and, therefore, the ALJ found his depression is a "non-severe" impairment within the meaning of the regulations (Tr. 21). At the third step, the ALJ concluded that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 21).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform a

full range of light work as defined in 20 C.F.R.§ 404.1567(b) (Tr. 21). More specifically, the ALJ found that Plaintiff can lift and carry twenty (20) pounds occasionally, ten (10) pounds frequently and sit, stand, or walk up to six (6) hours each in an eight (8) hour workday (Tr. 21). Further, the ALJ found because the demands of Plaintiff's past relevant work exceed his current residual functional capacity, Plaintiff is unable to perform his past relevant work as an owner and operator of a plumbing and sewer services company (Tr. 26).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience (Tr. 26). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 26). Therefore, the ALJ concluded that Plaintiff has not been under a "disability" as defined in the Social Security Act, from May 1, 2009 through July 15, 2010, the date of the ALJ's decision (Tr. 27).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision. The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

## CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined in the following manner:

> "[i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a),

416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. The evaluation proceeds as follows:

(1) Is the claimant engaged in substantial gainful activity?

(2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

(3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

(4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

(5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied the Plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health and Human Serv., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.

Landsaw v. Sec'y of Health and Human Serv., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (*quoting* Casey v. Sec'y of Health and Human Serv., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health and Human Serv., 964 F.2d 524, 528 (6th Cir. 1992) (*quoting* Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Relying on the treating physician rule, Plaintiff challenges the ALJ's Finding Nos. 5, 10, and 11 that address the fourth and fifth steps in the five-step sequential evaluation process (DN 11, Memorandum at Pages 3-6). Plaintiff argues the ALJ erred in failing to give controlling weight to the medical opinions of his treating health care professionals (DN 11, Memorandum at Pages 3-6). More specifically, Plaintiff asserts the ALJ should have given controlling weight to the medical opinions of Dr. Jerry Lawson, a treating family physician; Dr. Donald Jensen, a treating liver specialist; and Ms. Amanda DeVoss, a treating nurse practitioner. Alternatively, Plaintiff argues the ALJ failed to provide good reasons for rejecting their medical opinions (DN 11, Memorandum at Pages 3-6). Plaintiff reasons that the ALJ's failure to give controlling weight to the opinions of his treating health care professionals provides a basis for reversing the final decision of the Commissioner and remanding the matter, pursuant to sentence four of 42 U.S.C. § 405(g) with instructions to award benefits based on the opinions of the treating physicians (DN 11, Memorandum at Pages 3-6).

With regard to Finding No. 5, Plaintiff is challenging the ALJ's residual functional capacity determination by arguing that the ALJ erred in failing to give appropriate weight to the opinions of Plaintiff's health care professionals. The residual functional capacity finding is the ALJ's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.946. The residual functional capacity finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946.

Concerning Finding No. 5, the ALJ found that Plaintiff has the residual functional capacity to perform a full range of light work as defined in 20 C.F.R. § 404.1567(b). More specifically, the ALJ found that the Plaintiff can lift/carry twenty (20) pounds occasionally, ten (10) pounds frequently and sit/stand/walk up to six (6) hours each in an eight (8) hour workday. In making this finding, the ALJ considered all symptoms and the extent to which these symptoms are reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 C.F.R. § 404.1529 and Social Security Rulings 96-4p and 96-7p. The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p, 96-5p, 96-6p, and 06-3p.

Here, the Plaintiff contends that in finding he has the residual functional capacity to perform the full range of light work, the ALJ erred in failing to give controlling weight to the opinions of the Plaintiff's treating sources. More specifically, Plaintiff argues that the ALJ failed to accord controlling weight to the opinions of Dr. Jerry Lawson, Plaintiff's family physician, and Dr. Donald

Jensen, Plaintiff's liver specialist. As a result, Plaintiff infers that his residual functional capacity should be lower than what the ALJ found in the decision.

Case law indicates that, generally, opinions of treating physicians are entitled to controlling weight. Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 540 (6th Cir. 2007); see also Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529-30 (6th Cir. 1997). This is referred to as the treating physician rule. Controlling weight is assigned to the medical opinion of a treating source only when it is both well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record. Social Security Ruling 96-2p; 20 C.F.R.§ 404.1527(c)(2); Bogle v. Sullivan, 998 F.2d 342, 347-348 (6th Cir. 1993); Crouch v. Sec'y of Health and Human Servs., 909 F.2d 852, 857 (6th Cir. 1990). More importantly, if the medical opinion of a treating source is found not to be entitled to controlling weight, then the ALJ must determine how much weight it should be accorded and establish in the administrative decision good reasons for the weight given to that medical opinion. Social Security Ruling 96-2p; 20 C.F.R.§ 404.1527(c)(2); see Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 545-546 (6th Cir. 2004) (if an [ALJ] discounts the opinion of a treating physician, the [ALJ] must provide "good reasons" for doing so).

In determining how much weight should be given to a medical opinion, the ALJ considers factors such as: (1) examining relationship; (2) treatment relationship; (3) supportability; (4) consistency; (5) specialization; and (6) other factors. 20 C.F.R. § 404.1527(c). Plaintiff premises his argument on this treating physician rule; however, he fails to recognize that the ALJ has the ability to give the opinion of the treating physician less weight than controlling weight depending on the evaluation of the factors prescribed by 20 C.F.R. § 404.1527(c).

Here, the ALJ acknowledged that in assessments dated June 10 and June 25, 2010, Dr. Jensen and Dr. Lawson opined that Plaintiff suffered from significant symptoms related to Hepatitis C which imposed significant limitations on his ability to perform work-related activities (Tr. 25, 369-375, 376-380). More specifically, the ALJ observed that Drs. Jensen and Lawson's assessments indicated that Plaintiff's symptoms included weight loss, distended abdomen, excessive thirst, frequent urination, anemia, headaches, irritability, loss of appetite, irregular stools, and depression (Tr. 26, 369-375, 376-380). The ALJ considered these assessments; however, he concluded that medical evidence does not support the doctors' opinions regarding the severity of these symptoms (Tr. 26). Additionally, the ALJ noted the medical evidence of record is devoid of evidence which supports these debilitating assessments as Drs. Jensen and Lawson's treatment notes indicate very few complaints (Tr. 26). Most importantly, the doctors' treatment notes demonstrated that Plaintiff's condition was improving with treatment (Tr. 26). Also, the ALJ recognized that on April 8, 2010, Dr. Lawson indicated Plaintiff was "doing quite well" (Tr. 25, 26). The ALJ further noted that Plaintiff's daily activities contradicted the severity of symptoms noted in Drs. Jensen and Lawson's assessments in June 2010 (Tr. 25). For example, the ALJ indicated that the Plaintiff continued to work and the medical record suggested that Plaintiff continued to smoke (Tr. 24-26). Based on the foregoing reasons, the opinions of Drs. Jensen and Lawson, the treating physicians, are not consistent with the record as a whole. Further, the undersigned concludes that substantial evidence in the administrative record supports the ALJ's findings regarding the weight assigned to the medical opinions of Drs. Jensen and Lawson.

In regard to Finding No. 5, Plaintiff also argues that the ALJ erred in assigning no weight to Ms. DeVoss' opinion that Plaintiff was experiencing many side affects related to Hepatitis C which made it difficult for him to continue working (Tr. 25). The ALJ acknowledged that while Ms. DeVoss is one of Plaintiff's treating practitioners at the University of Chicago Hospital, she is considered an unacceptable medical source under 20 C.F.R. § 404.1513(d)(1) because she is a nurse practitioner (Tr. 25). The opinions of nurse practitioners, even those who treat a claimant, are not entitled to the controlling weight or deference to which the opinions of treating physicians are ordinarily entitled. See 20 C.F.R. § 404.1527(c). However, evidence from other sources, including nurse practitioners, may be considered to show the severity of the claimant's impairment(s) and how it affects the claimant's ability to work . 20 C.F.R. § 404.1513(d)(1).

Contrary to Plaintiff's assertion, the treating physician rule does not apply to the medical opinions expressed by Ms. Amanda DeVoss because she is a nurse practitioner as opposed to an acceptable medical source under the regulations. 20 C.F.R. §§ 404.1513(d)(1), (d); 404.1527(a)(2); Beaty v. Comm'r of Soc. Sec., 2012 WL 3779700, *13 (6th Cir. 2012) (unpublished opinion); Rushford-Spink v. Asture, 2010 WL 396359, *13 (N.D. N.Y. 2010); Catanzaro v. Comm'r of Soc.Sec., 2009 WL 2342466, *8 (W.D. N.Y. 2009). Therefore, Plaintiff's assertion that the ALJ failed to follow the treating physician rule when he made findings regarding the weight accorded to Ms. DeVoss' opinion holds no merit.

However, the undersigned recognizes that Plaintiff is correct in his assertion that Social Security Ruling 06-03p applies to the ALJ's assessment of the opinion from Ms. DeVoss. In order to clarify how the ALJ should consider opinions and other evidence from sources who are not "acceptable medical sources," the undersigned looks to the Social Security Ruling 06-03p. While

9

information from Ms. DeVoss, a nurse practitioner, cannot be used to establish the existence of a medically terminable impairment, it "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." Social Security Ruling 06-03p, 2006 WL 2329939, *2 (August 9, 2006). Even though the factors in 20 C.F.R. § 404.1527(c) explicitly apply only to the evaluation of medical opinions from "acceptable medical sources," these same factors can be applied to opinion evidence from "other sources." Social Security Ruling 06-03p, 2006 WL 2329939, *4-5. In summary, the factors include the following: examining relationship, treatment relationship, supportability, consistency, specialization, and other factors that tend to support or refute the opinion. 20 C.F.R. § 416.927(c); Social Security Ruling 06-03p, 2006 WL 2329939, * 4-5. Certainly, not every factor in 20 C.F.R. § 416.927(c) will apply to this case, because the evaluation depends on the particular facts in each case. Social Security Ruling 06-03p, 2006 WL 2329939, *5.

In the present case, the ALJ acknowledged Ms. DeVoss' treating relationship with Plaintiff as is laid out by 20 C.F.R. § 404.1527(c)(2) (Tr. 25). However, the ALJ discounted Ms. DeVoss' opinion on the basis of supportability and consistency. 20 C.F.R. §§ 404.1527(c)(3), (4); Social Security Ruling 06-03p, 2006 WL 2329939, *4. More specifically, the ALJ found that Ms. DeVoss' opinion was inconsistent with the preponderance of the evidence, including her own treatment notes (Tr. 25). Even though it is true that the ALJ did not specifically cite Social Security Ruling 06-03p in connection with his findings regarding the weight accorded to Ms. DeVoss' opinion (Tr. 25), he utilized the evaluation framework set forth in the ruling and, therefore, the ALJ's findings comport with Social Security Ruling 06-03p. While the undersigned recognizes that the ALJ's decision in regard to the evaluation of factors relevant in Social Security Ruling 06-03p is minimal, the ALJ's

10

determination to accord no weight to Ms. DeVoss' opinion is sufficient and supported by substantial evidence. By declining to apply the treating physician rule to Ms. DeVoss' opinion based on supportability and inconsistency with other evidence, the ALJ did not err as a matter of law. In sum, the undersigned concludes that Finding No. 5 under step four of the five-step sequential evaluation process is supported by substantial evidence and comports with applicable law.

With regard to Finding No. 10, the ALJ determined after considering the Plaintiff's age, education, work experience, and residual functional capacity, that jobs exist in significant numbers in the national economy that the Plaintiff can perform as explained in 20 C.F.R. §§ 404.1569 and 404.1569(a). At the fifth step, it is the Commissioner's burden to show there exists a significant number of jobs in the local, regional, and national economies that the claimant can perform, given his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); Wyatt, *supra*, 974 F.2d at 684; Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990). Here, Plaintiff's challenge to Finding No. 10 is premised on the same basis as the challenge to Finding No. 5. Plaintiff argues that the treating sources' findings preclude the determination that he is able to perform a significant number of jobs in the national economy. Because Plaintiff's challenge to step four under Finding No. 5 fails, for reasons the undersigned has previously expressed, Plaintiff's challenge to step five under Finding No. 10 must also fail. In sum, the undersigned concludes that Finding No. 10 under step five of the five-step sequential evaluation process is supported by substantial evidence and comports with applicable law.

In regard to Finding No. 11, the Plaintiff makes a broad challenge to ALJ's ruling that Plaintiff has not been under a disability, as defined in the Social Security Act from May 1, 2009

through July 15, 2010, the date of the ALJ's decision. Based on the analysis the undersigned has set forth in regard to Finding Nos. 5 and 10, the ALJ did not err in finding Plaintiff not to be disabled. Because the undersigned concludes that Plaintiff's challenge to Finding Nos. 5 and 10 fails, Plaintiff's argument with regard to Finding No. 11 holds no merit and, more importantly, ALJ's finding that Plaintiff is not under a disability is supported by substantial evidence and comports with applicable law as illustrated above.

In sum, the undersigned has reviewed the record and the ALJ's determination at the fourth and fifth steps in the sequential evaluation process and concludes that Finding Nos. 5, 10, and 11 are supported by substantial evidence and comport with applicable law.

## RECOMMENDATION

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is recommended that judgment be GRANTED for the Commissioner.

## NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall

forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.) aff'd, 474 U.S. 140 (1984).

Copies:   Counsel